United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10793
Summary Calendar

PATRICIA ARLENE QUIMBY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-440

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Patricia Arlene Quimby, federal prisoner # 26863-177, pleaded guilty to conspiracy to manufacture, possess with intent to distribute, and distribute a controlled substance, and she was sentenced to 210 months in prison. Quimby filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651 and a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b) challenging the legality of the sentence she received. The district court determined that it lacked jurisdiction over her pleadings and dismissed them on that basis.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Quimby argues on appeal that the All Writs Act found at 28 U.S.C. § 1651 authorized the district court to grant her a writ of mandamus requiring that her guideline sentencing range be recalculated. However, 28 U.S.C. § 1651(a) does not provide an independent grant of jurisdiction. Texas v. Real Parties In Interest, 259 F.3d 387, 392 (5th Cir. 2001). Because the relief sought by Quimby would not be in aid of the jurisdiction of a federal court, the district court correctly dismissed the petition. 28 U.S.C. § 1651(a); see Texas v. Real Parties In Interest, 259 F.3d at 392.

Quimby's argument against the district court's dismissal of her Rule 60(b) motion is conclusional at best. It does not acknowledge the district court's construction of her motion as an unauthorized successive motion filed under 28 U.S.C. § 2255. Accordingly, Quimby has abandoned her challenge to the district court's dismissal of her motion. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Finally, FED. R. APP. P. 21 is inapplicable to the instant appeal. That rule does not confer jurisdiction upon this court to grant the relief sought by Quimby in the district court.

**AFFIRMED.**

2